The next case is Benjamin Gonzalez v. Secretary of Veterans Affairs 2013-7070. Mr. Carpenter. May I please report, Kent Carpenter appearing on behalf of Mr. Benjamin Gonzalez. The issue this morning has to do with the interpretation of 38 CFR 3.1, excuse me, 4.16. What particular language in 4.16 was misinterpreted and how and where? The specific language is the phrase to secure and follow substantial gainful occupation. Further in the regulation is the definition that is provided for marginal employment. Whether those are met are questions of fact, aren't they? Yes, Your Honor. And in this case, the question that was presented below by Mr. Gonzalez was whether or not the VA examiner provided an adequate opinion that addressed the issues necessary for a determination under 4.16. And that's a question of fact. Application of law to fact, no jurisdiction. But this is not a question of application of law to fact. This is a question of whether or not when the court found that the VA examiner had ultimately provided an opinion as to Mr. Gonzalez' functioning, including his ability to work, constitutes a misinterpretation of the regulation. If the ability to work is not the criteria or the legal standard under 4.16, if ability to work were the standard, then there would have been no need for the VA and its regulation to indicate that the phrase substantial gainful occupation was not considered to exist if the veteran was unable to obtain more than marginal employment. In other words, a veteran is capable of working, but not to the extent to which their work produces more than the poverty threshold as defined by the regulation. And that means that a veteran can, in fact, be able to work, as the examiner in this case said, maintain employment in a job that did not require much interaction with the public and where he did not have to interact frequently with supervisors. But such a statement does not go to whether or not such an envisioned job as it might exist does, in fact, indicate that the veteran could earn more than the poverty threshold. It simply makes a statement that he has the ability to work. The ability to work is not the correct legal standard under 4.16. Isn't it fair to say that the Veterans Court was simply parroting back the very language that you used in your brief to the Veterans Court? At one court, part of JA 84, your brief to the Veterans Court said the board had a duty to request a medical opinion to discuss what effect the veteran's service-connected disability had on his ability to work. And then later you say, the medical opinion obtained by the VA in February 2007 did not discuss what effect Mr. Gonzalez's service-connected disability from post-traumatic stress disorder with alcohol abuse had on his ability to work. So in the context, it sounded like you were the one that maybe got the ball rolling with this particular phrase and the Veterans Court was simply using it. But the Veterans Court still has an obligation, notwithstanding how I may have inarticulately presented it in my brief below, to apply the law correctly and apply the correct legal standard. And even if I assert an incorrect legal standard, it's not appropriate for the lower court to adopt that incorrect legal standard. It could just simply be evidence of unemployability is simply a factor to be considered in the overall determination of whether someone can get substantial gainful employment. Your Honor, the way in which this issue was presented below had to do with the adequacy of the medical examination that was provided. What was placed at issue was whether or not the exam which was provided. And the ability to work is defined by the provisions of 4.16. And those include the ability to have marginal employment. You don't have any issue with the way the board below handled the substantial gainful employment issue, right? Yes, I do, Your Honor, because they relied upon the only evidence they had to deny it. You'll recall from the record that they did grant it. I guess in terms of understanding a legal interpretation of the rule, of the phrase substantial gainful employment. Yes, Your Honor, because they relied upon a VA examination that simply addressed his ability to work. Not in terms of whether or not that ability to work met the criteria that they were to be considering under 4.16. And that criteria includes was he capable of doing more than marginal employment. To be able to work includes under the VA's regulation the ability to do marginal employment. If a veteran is capable of doing less than marginal employment and there's nothing in that VA examination to contradict that view. Is there something in the VA manual that defines substantial gainful employment? The manual does not define substantial gainful employment other than to say that marginal employment includes employment in a protected environment such as a family business or a sheltered workshop. I believe that's the only provision that at least I could find that deals directly with the question of substantial gainful occupation. And clearly the regulation states that marginal employment is not. to the particular occupation in the community where the veteran resides. You're not familiar with that part of the manual? No, I'm not, but that definition doesn't seem to have any application here. In this context we're dealing with a VA examination in which the examiner simply opined that he believed that Mr. Gonzales would have been able to maintain employment in a job that did not require much interaction with the public and where he did not have to interact frequently with the supervisor. Is that an application of law to find? No, Your Honor, because that is precisely the examiner's opinion that was attacked by Mr. Gonzales below and the Veterans Court found that the examiner ultimately provided an opinion that was consistent with his ability to work. Using the ability to work limited phrasing is inconsistent with the plain language of the regulation. This is the benefit which he was seeking. This is the only parameter that was to be considered, not whether there were other jobs within the community, but whether or not this examination was or was not probative and competent to address the question posed by 416. And the question posed by 416 is whether or not the veteran can secure and follow substantial gainful occupation, not whether or not he would be able to maintain employment in a very narrow specified set of circumstances that may or may not generate marginal employment. This is purely speculative on the part of the examiner and does not go to the salient question, which is whether or not the veteran is capable of more than marginal employment. That is the critical question and when we talk in terms of ability to work, it is defined by the VA's regulation because he is entitled to that benefit if he meets those requirements. And in this case, he was found during one period of time to meet those requirements and in another period of time, based exclusively on this VA examination, not to meet those qualifications. Can I ask you a general practice question and tell me if the question is off point? The medical examinations by a physician or medically trained person, I can understand intuitively how a physician would know, be able to say, you can do these activities. And so not lots of exposure to supervision because that is not comfortable for you. You mean in terms of physical limitations? Yes. How does a physician know anything about what kinds of activities pay what amounts of money out in the community? I have no reason to believe that they do or that they would any more than I believe that a psychiatrist would be necessarily capable of determining whether or not a veteran could or could not secure or follow substantial gainful occupation. But that is the current methodology that is relied upon by the VA to determine whether or not a veteran... I guess where this is leading me is to wonder whether once the physician says, you can do these things, that it's then up to the veteran to say, put in evidence that those things do not allow me to earn more than a marginal living. Well, in this case, Mr. Gonzalez relied upon the GAF scores that were significant and below the 50 range to establish that fact based upon the severity of his condition. Because a GAF score that is below 50 indicates an inability to work by the very nature of the assignment of that GAF score. An actual inability to work or... Unable to hold a job is the phrase used in the DSM, in the Diagnostic and Statistical Manual of the American Psychiatric Association. I see that I'm into my rebuttal. We will save it for you, Mr. Carpenter. Thank you. Ms. Hossford. May it please the Court. The Court should dismiss this appeal for lack of jurisdiction because the Veterans Court did not interpret Section 4.16. But even assuming jurisdiction, there's no basis for Mr. Gonzalez to contend that the Veterans Court applied the wrong standard here. First, with respect to jurisdiction, I think Judge Chen and perhaps Judge Trano have already pointed this out. Mr. Gonzalez claims that the Veterans Court looked at ability to work rather than whether a substantial and gainful occupation was available. But the reason the Veterans Court used the words ability to work was because they were simply mimicking Mr. Gonzalez's statement in his brief, stating that the VA examiner in 2007, the physician, had not adequately looked at his ability to work. Of course, ability to work is one aspect of a substantial and gainful occupation. And that was what Mr. Gonzalez brought up. But Mr. Gonzalez also mentioned the substantial and gainful occupation standard in his brief. And basically what the Veterans Court was doing was mimicking what he had said. It's clear from the Veterans Court's decision, it's only on one page, this issue, that it used the substantial and gainful occupation language twice and said that the board properly found that Mr. Gonzalez was able to obtain substantial and gainful employment. So there's no question here that the court wasn't interpreting the term. It was just merely doing what Mr. Gonzalez had asked it to do, which was see whether the board had properly determined that the examiner's report covered that issue. Did Mr. Gonzalez, either in his evidence or in his argument, including brief, to the Veterans Court or the board separately address the question of ability to work on the one hand and how much money he could earn doing certain work on the other hand? I don't think he did. My reading of the record is that he did not. Although that is not an issue that Mr. Gonzalez raised in his brief, so it's not something that I reviewed the entire record for. I guess in a way it feels to me that that's in fact the heart of what he's arguing about. He's saying to find that somebody is able to work is not in fact to find that they can make a living with the substantial gainful employment, that there's a gap there, and that gap is precisely what the Veterans Court disregarded. So I guess I'm asking the question, did he present a case, evidentiary or otherwise, that even if the medical examiner was correct about the first stage, able to work, nevertheless I had evidence and there's no contrary finding that I couldn't earn more than a marginal living off that. I don't believe there's any evidence to that effect. But to be clear, that argument has not been made until today. In his initial brief, Mr. Gonzalez made a reference to marginal employment, but then in his reply brief he didn't really come back to it. The whole question of marginal employment generally comes up when the Veteran is already employed. So then the question becomes, are they earning above the poverty threshold? If they are earning above the poverty threshold, then it's not marginal employment. If you're earning below the poverty threshold, it is marginal employment. Where do we get that standard, the poverty threshold standard? That is in the manual that Your Honor referenced before. It's on page 2F12, it's section 27E and F, it talks about marginal employment. It defines marginal employment that way? Well, it says marginal employment exists when a Veteran's earned annual income does not exceed the amount established by the U.S. Department of Commerce, U.S. Census Bureau as the poverty threshold for one person and or on a fact-found basis and includes but is not limited to employment in a protected environment such as a family business or sheltered workshop when earned annual income exceeds the poverty threshold. So that definition assumes that the Veteran is already employed. The question is, are they earning below the poverty threshold? If they're not earning below the poverty threshold, are they working in a family business where they can sort of disregard his disabilities and pay him above poverty threshold income? Or I'm not exactly sure what sheltered workshop is, but I would assume it's something like a workshop where disabled people, their disabilities are accommodated and they are paid above the poverty threshold. What about the statement from 2F of the manual that I quoted earlier? Okay, that is the definition. What does that mean? It's defined as employment at which non-disabled individuals earn their livelihood with earnings comparable to the particular occupation in the community where the Veteran resides. Can you explain to me what the government thinks that means? Well, it's not the clearest language ever, but it appears to be the flip side of this whole employment concept where marginal employment is employment below the poverty threshold or over the poverty threshold, but you're working in a situation where a non-disabled person normally wouldn't be working. Your family is employing you where a non-disabled person wouldn't be employed. You're in some sort of protected workshop where a non-disabled person wouldn't be employed. You have to show that your disabilities prevent you from getting any job in your community that a non-disabled person could do. So what does that mean? The particular occupation in the community where the Veteran resides? Whose occupation or what occupation? I'm not exactly sure what that means, but the Veterans Court and the Board generally define substantial and gainful occupation as showing that you're capable of performing physical and mental tasks or requirements required by a particular occupation, and it has to be in a non-disabled setting. Here, Mr. Gonzalez's PTSD, until December 5, 2008, when it severely deteriorated, did not prevent him from working, and the examiner made findings and conclusions about that, which the Board affirmed and then the Veterans Court affirmed. He had worked as a railroad brakeman during a period when he said he had PTSD. He had a ninth grade education, so railroad brakeman or potentially a janitor position, or he possibly could have worked in a factory, like on an assembly line or something. Those jobs would have been comparable or compatible with the limitations that the VA examiner said he had. Not a lot of interaction with the supervisor, not a lot of interaction with people, railroad brakeman, janitor, that sort of thing. He could have had that job until December 5, 2008, when it was determined that his PTSD was so bad that he couldn't hold employment that he would otherwise have been capable of. And the reason that he was not holding a railroad brakeman job, as we mentioned in our brief, is because he had hurt his back, and that back disability was preventing him from the substantial and gainful employment that he could have otherwise obtained. But getting back to my original point, first, this case is all about application of law of fact. There was no interpretation of Section 4.16 in the Veterans Court's decision. But even if the Court were to find that there was some sort of interpretation, it was a correct interpretation. The Veterans Court applied the right standard. And just to close out, one last issue that Mr. Gonzalez raised was that somehow the Veterans Court had the ability to work. And that word, any, is nowhere in the opinion. They just said, an ability to work, substantial and gainful occupation. Unless the Court has other questions, we would ask that the appeal be dismissed. Thank you. Thank you, Ms. Huffman. Mr. Carpenter has three and a half minutes left. Is it your view that being a railroad brakeman is marginal employment? No, but he was not employed as a railroad brakeman at the relevant time. And the opinion obtained was mere conjecture as to whether or not he could return without any reference to the information that was just provided by counsel about his having previously worked as a railroad brakeman. His past employment is not relevant. What is relevant is whether or not at the time, at issue in this case, which I believe is 2005 to 2008, he was capable of securing and following substantial gainful occupation. And in our brief below, we indicated that the opinion offered no evidence, either positive or negative, as to whether or not this work that was referred to would result in Mr. Carpenter's gainful occupation. And we cited to the Court their own case law that says that the Board may not reject a veteran's claim without producing evidence, as distinguished from mere conjecture that the veteran can perform work that would produce sufficient evidence to be other than marginal. This is at the crux of the interpretation made by this case, that a medical opinion that simply refers to the ability to work is not consistent with the interpretation of the regulation. And to respond to your question about where the poverty level language comes from, Your Honor, that is precisely in 416A, the phrase that is in the manual provision that refers to the U.S. Bureau of Census, poverty level numbers appears in the VA's regulation. Unless there are further questions from the Court, I will submit them now. Thank you, Mr. Carpenter. The case will be taken under advisement.